PHILIP DOI          #2224
841 BISHOP STREET, SUITE 1710
HONOLULU, HAWAI'I 96813
TELEPHONE: 531-8300
FAX: 524-9052
E-MAIL: pdoi@yahoo.com
ATTORNEY FOR REED BEAVER ROHRER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| IN RE ) | CASE NO. | 10-03156 |
| ) | (CHAPTER 13) | |
| REED BEAVER ROHRER, ) | | |
| ) | DATE: | DECEMBER 1, 2010 |
| DEBTOR. ) | TIME: | 1:30 P.M. |
| ) | JUDGE: | HONORABLE ROBERT J. FARIS |

## MEMORANDUM IN OPPOSITION TO
## STATE OF HAWAI'I AND COMERICA BANK & TRUST, N.A.'S
## JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY

On November 3, 2010, the State of Hawai'i and Comerica Bank & Trust, N.A. ("Movants") filed their State of Hawai'i and Comerica Bank & Trust, N.A.'s Joint Motion for Relief from Automatic Stay. By this Memorandum, Reed Beaver Rohrer, the Debtor herein, opposes that Motion.

**This Motion is just an attempt to delay Mr. Rohrer's Chapter 13 Reorganization.**

The Movants have relied on their analysis of the twelve-part test

as articulated in In re Curtis, 40 B.R. 795, 799-800 (Bankr. D Utah 1984). As they noted in their footnote #7, "The Ninth Circuit has not formally adopted the Curtis factors, nor any other specific set of factors to consider when determining whether to vacate the automatic stay to permit non-bankruptcy litigation to proceed." Because the Ninth Court has not adopted the various enumerated factors, this gives the Bankruptcy Court wide latitude in addressing the issues involving relief from the Automatic Stay.

In this light, Mr. Rohrer asserts that the discretion of the Court allows the Automatic Stay should remain in place.

However, assuming arguendo that Curtis is followed, there are strong arguments for denying the relief sought.

The State of Hawai'i has been a litigant in the Mr. Rohrer for over 6 years. The litigation has moved at glacial speed and now the State requests the Bankruptcy Court act as if the Greenhouse effect is now full bore. The State acts as though a few weeks or a few months may make or break a case that has progressed painstakingly slowly over the past six years.

And while Comerica has been the Successor Trustee for over 6 years, it is only now bringing forward claims. Some are derivative, filed earlier by the State. But others are new claims, never mentioned before.

U.S. Bankruptcy Court - Hawaii   #10-03156   Dkt # 20   Filed  11/17/10   Page 2 of 8

These new claims should clearly be barred by the Statue of Limitations or laches.

The 2009 ARRA appears to be cited as the foundation for Comerica's entrance into the arena. This is simply not true. Comerica has been the Successor Trustee since 2004, the entire six years that the RightStar litigation has been pending. Comerica has had all that time to put forth its claims and has done nothing.

The State and Comerica would like the Bankruptcy Court to believe that they have advanced to the point where the "Preneed Trustee was about to intervene which would significantly advance the case toward trial and judgment". Given the history of the RightStar litigation, there is no basis for such a statement. At best, this is cause for suspicion. At worst, complete cynicism is appropriate. It is easy to see Comerica being motivated to take a very aggressive position against the former Trustees and other defendants in order to cover up its own wrongdoing during its tenure as Trustee.

Movants would like this Court to believe that the advent of Comerica intervening in the State court litigation marks a significant step in the proceedings. This is not accurate and makes the case seem much simpler than it really is.

U.S. Bankruptcy Court - Hawaii   #10-03156   Dkt # 20   Filed  11/17/10   Page 3 of 8

Movants state that this case was commenced "on the eve of Preneed Trustee being granted leave to file its Intervenor Complaint." (See, Movants Memorandum at p. 12.) Yet two pages earlier Movants state that Mr. Rohrer's attorneys in that case filed documents opposing the intervention. Comerica's Motion to Intervene in the State Court litigation was set for hearing on October 18, 2010. There is a great difference between the hearing on the motion and the granting of the motion. Mr. Rohrer has interposed his opposition to Comerica's intervention and believes that he has a sound legal basis to prevail. Mr. Rohrer is not aware that Comerica's Motion to Intervene was to be granted on October 18, 2010.

The overall effect of Movants's position is to imply that Mr. Rohrer is attempting to delay the State Court litigation. With very little being accomplished over the preceding six years, Mr. Rohrer does not believe that he is causing any delay. On the contrary, the Movants appear to be waging a siege of sorts, dragging the case on and on, with the hope of wearing down Mr. Rohrer and his co-defendants.

It appears, rather, that the Movants are attempting to delay Mr. Rohrer's Chapter 13 reorganization.

**There are Other Parties Involved**

4

The Rightstar Case is not as simple as the Movants make it sound. By last count there are some twenty Defendants. Cross claims and third party claims abound. It is unlikely that the litigation can proceed in the state cases until everyone has obtained relief from the Automatic Stay.

**The Movants Received Timely Notice of the Commencement of the Bankruptcy Case.**

The Movants in this matter have incorrectly portrayed the facts. There are dozens of attorneys and other parties involved in the RightStar litigation. The Petition in this case was filed electronically in the late afternoon of Friday, October 15, 2010. Immediately thereafter, an email was sent to various counsel to inform them of the filing. The email was sent at 5:24 p.m. The list of thirty-two email addresses was taken from another email that had been forwarded. State attorneys Christian Fitzgerald and Randolph Slaton were on the email list and were sent the same message regarding the filing. No bounce message was received, indicating that Messrs. Fitzgerald and Slaton received the email. A copy of the Bankruptcy Petition was attached to the message. The State had notice of the Bankruptcy Petition immediately after it was filed.

It is unfortunate that Michael Lilly and Stephen Jones were not on

U.S. Bankruptcy Court - Hawaii    #10-03156    Dkt # 20    Filed 11/17/10    Page 5 of 8

the list. In retrospect, the forwarded email included these two names in the separate listing of "cc's," but with only their names and not their email addresses.

Nevertheless, it is disingenuous for Messrs Fitzgerald and Slaton to argue that they did not receive notice of the filing of the Petition. That is simply not the case.

Mr. Rohrer, through his attorney, filed a Notice of Bankruptcy Petition in the State Circuit Court case on Monday, October 18, 2010. Inasmuch as the State Circuit Court does not yet have electronic filing, this was the first opportunity to file such a notice. After filing the Notice of Bankruptcy Petition in the Circuit Court, Mr. Rohrer's counsel called Judge McKenna's chambers, since now her courtroom and chambers are in the Kapolei complex. The Notice of Bankruptcy Petition was then faxed to Judge McKenna.

Furthermore, it is clear that counsel for both the State and Comerica had received notice of the filing of the Petition by Monday, October 18, 2010. Mr. Rohrer's counsel was informed by Judge McKenna's clerk that Judge McKenna learned of the filing by an attorney who was seeing the Judge on another matter. After receiving the fax of the Notice of

6

Bankruptcy Petition, Judge McKenna's staff then called the various attorneys to inform them that Judge McKenna was canceling the hearing on Comerica's Motion to Intervene. No matter how one dissects the facts, , Movant's were well aware of this Bankruptcy case on the first business day following the filing. The notice was timely.

### Mr. Rohrer's Schedule B Complies With Bankruptcy Requirements

Movants further harp on an alleged failure of Mr. Rohrer to disclose certain insurance policies on his Schedule B. While it is true that Mr. Rohrer has coverage under such policies, these are policies of liability insurance. They are not assets that Mr. Rohrer can liquidate and use the proceeds to pay creditors. On the contrary, Mr. Rohrer has had to pay premiums for some of the insurance coverage.

It should be noted that Mr. Rohrer also maintains a no-fault automobile insurance policy on his car, in accordance with Hawai'i law. This policy contains various coverages for no-fault benefits, collision, comprehensive, and liability. The auto policy is not significantly different from the policies now questioned by Movants. Mr. Rohrer submits that he is not required to list auto insurance just as he is not required to list such

U.S. Bankruptcy Court - Hawaii   #10-03156   Dkt # 20   Filed  11/17/10   Page 7 of 8

insurance policies on Schedule B, and that he is not in breach of any of the requirements of Bankruptcy law.

**Conclusion**

Based on the foregoing, Mr. Rohrer respectfully requests that the State of Hawai'i and Comerica Bank Trust N.A.'s Motion for Relief from Automatic Stay be denied.   In the alternative, if the Court is inclined to grant the Motion, then Mr. Rohrer submits that the Movants be granted relief from the automatic stay, allowing the Movants to continue in the State Court litigation and that Mr. Rohrer be allowed to proceed with his Chapter 13 case, but that Movants be barred from any filing a proof of claim in this Chapter 13 case.

Dated: Honolulu, Hawai'i, November 17, 2010.

       /s/ PHILIP DOI
PHILIP DOI
Attorney for Reed Beaver Rohrer