MARK J. BENNETT 2672
Attorney General, State of Hawai'i
RANDOLPH R. SLATON 1647
Christian.B.Fitzgerald@hawaii.gov
CHRISTIAN B. FITZGERALD 5741
Randolph.R.Slaton@hawaii.gov
Deputy Attorney General
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1500
Facsimile: (808) 586-1239
    Attorneys for the STATE OF HAWAI'I

NING, LILLY & JONES
MICHAEL A. LILLY    1681
michael@nljlaw.com
STEPHEN A. JONES    2957
stevejones@nljlaw.com
707 Richards Street, Suite 700
Honolulu, Hawaii 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
    Attorneys for Comerica Bank & Trust, N.A.,
    as Successor Trustee for the Perpetual Care
    and Pre-Need Trusts Pursuant to the
    Amended RightStar Resolution Agreement

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>REED BEAVER ROHRER,<br><br>              Debtors. | Case No. 10-03156<br>(Chapter 13)<br><br>*Preliminary Hearing:*<br>Date:   December 1, 2010<br>Time:   1:30 p.m.<br>Judge:  Honorable Robert J. Faris |

# STATE OF HAWAIʻI AND COMERICA BANK & TRUST, N.A.'S REPLY TO DEBTOR'S OPPOSITION TO JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY

State of Hawai`i ("State") and Comerica Bank & Trust, N.A. ("Preneed Trustee"), as Successor Trustee for the perpetual care and pre-need trusts associated with each licensed RightStar cemetery, and mortuary or seller organization, pursuant to the Amended RightStar Resolution Agreement (collectively, "Movants"), submits this Reply to the Debtor's Memorandum in Opposition to the Joint Motion for Relief from Automatic Stay filed November 17, 2010 (Doc.# 20) and in support of their Joint Motion (Doc.# 15). The Joint Motion requested an order modifying the automatic stay to permit Movants to prosecute and reduce $30 million of claims against debtor Reed B. Rohrer ("Debtor") and some 20 other defendants to judgment in civil actions pending since November 2004 in the Circuit Court. Any judgment against Debtor would be collected only through liability insurance or treated as a Chapter 13 claim.

## I.   STANDARD FOR THE GRANT OR DENIAL OF AN ORDER MODIFYING THE AUTOMATIC STAY

Section 362(g) provides that in any action requesting relief from the automatic stay, the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property and the party opposing the motion has the burden of proof on all other issues.

Section 362(e)(1) provides that this Court may combine a preliminary hearing and a final hearing, and the court shall order the stay continued in effect pending the final hearing.

> If there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing…

In the case at bar, the Movants' burden is to show that the Debtor has no equity in the property. In this case, the Movants' Joint Motion does not deal with "property," real or personal. The Movants seek to modify the stay to allow a pending state court proceeding to continue with the Debtor as one of a number of defendants. The Debtor has the burden on all other elements.

In this case, the Movants sought relief from the stay "for cause," to allow a long standing state court litigation, as explained in the Motion, to continue to its final adjudication and the liquidation of claims against the Debtor and other fiduciaries of the statutory pre-need trusts.[1]

As noted in the Motion, the Movants' referred this Court to In re Curtis, 40 B.R. 795, 799-800 (Bankr.D.Utah 1984).[2] As pointed out in the Motion, the

---

[1] Debtor does not acknowledge he was a statutory trustee who served as "Chairman of the Board of Trustees" for $57 million of preneed funeral and cemetery trust funds. Debtor does not acknowledge that his role in trust investment, management and recordkeeping -- his trust defalcations -- left a situation that has taken years in the Hawai`i legal system to sort through in what is one of the largest consumer tort schemes to originate and be carried out in our state.

[2] Courts have developed other factors for determining when a pre-petition litigation should be allowed to continue in the non-bankruptcy forum. See In re Johnson,

3

applicable Curtis factors provide for relief from the stay to allow a pre-petition multi-party, state court litigation to continue while the bankruptcy continues, especially where the law is state law and does not involve an interpretation of federal law or require the expertise of the bankruptcy court.

The Ninth Circuit in In re Tucson Estates, Inc., 912 F.2d 1162, 1168 (9th Cir. 1990), identified the factors which would require a bankruptcy court to exercise its discretion and abstain from hearing a claim. The same factors which would result in a bankruptcy court from abstaining may also be the basis for granting relief from the automatic stay to allow pre-petition non-bankruptcy litigation to continue post-petition.

Under the precedents cited by the Movants in their Joint Motion, there is no "reasonable likelihood" that the Debtor has made a sufficient showing to permit the automatic stay to remain in effect until this Court conducts a "final hearing" in the Movants' Motion.

## II. INSURANCE AS A FACTOR IN GRANTING RELIEF

One of the critical factors in determining whether a bankruptcy court should grant or deny relief from the automatic stay to allow a pre-petition non-bankruptcy litigation to continue, is the availability of insurance to pay for the defense of the Debtor-Defendant.

---

115 B.R. 634, 636 (Bankr.D.Minn. 1989) and In re Marvin Johnson's Auto Service, Inc., 192 B.R. 1008, 1014 (Bankr.N.D.Ala. 1996).

4

The status of the Debtor's insurance coverage appears to be that there is Directors and Officers ("D&O") coverage at page 5, of the Movants' Motion,

> **Movants note that Debtor has not disclosed in Schedule B Item 9 or otherwise certain insurance policies Debtor has previously claimed provided him coverage for the breach of fiduciary claims against him.**

The Debtor in reply admits coverage on page 7.

> **<u>While it is true that Mr. Rohrer has coverage under such policies</u>, these are policies of liability insurance. They are not assets that Mr. Rohrer can liquidate and use the proceeds to pay creditors.**

Under any test, whether <u>Curtis</u>,[3] <u>Johnson</u>,[4] or <u>Marvin Johnson's Auto Service</u>,[5] the availability of insurance coverage has been a factor in determining whether the stay should be modified to allow the pre-petition non-bankruptcy litigation should proceed.[6]

---

[3] In <u>Curtis</u>, one factor is "whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation".

[4] In <u>Johnson</u>, as adopted in <u>In re America West Airlines, Inc.</u>, 148 B.R. 920, 923-24 (Bankr.D.Ariz. 1993), one factor is "whether insurance coverage with a duty of defense is available to the debtor or the estate…".

[5] In <u>Marvin Johnson's Auto Service, Inc.</u>, 192 B.R. 1008, 1014 (Bankr.N.D.Ala. 1996) one of the factor is "costs of defense or other potential burden to the estate".

[6] In the leading case, <u>In re Matter of Holtkamp</u>, 669 F.2d 505 at 508-09 (7th Cir. 1982), the Court of Appeals modified the automatic stay to allow a pre-petition litigation to continue, where the debtor-defendant was being defended by an insurance policy. The Seventh Circuit Court wrote,

> However, where, as here, the pending action is neither connected with nor interfering with the bankruptcy proceeding,

5
U.S. Bankruptcy Court - Hawaii   #10-03156   Dkt # 21   Filed 11/24/10   Page 5 of 9

In the State Court litigation, the law firm of McCorriston Miller Mukai MacKinnon LLP has been representing the Debtor-Defendant for several years, and to the Movants' best understanding, still represent the Debtor.

It would appear that the Debtor does have D&O insurance coverage for the defense of the state law claims. But even if he didn't, it is well settled law that,

> The cost of defending in a civil suit has been given serious consideration by bankruptcy court, but no case has been found in which the high cost of defending is by itself "great prejudice" which will bar modification of the stay.

In re Matter of McGraw, 18 B.R. 140, 142 (Bankr.D.Wi. 1982) citing In re Terry, 12 B.R. 578, 582 (Bankr.E.D. Wi. 1981).

The Court in In re Hoffman, 33 B.R. 937 (Bankr.W.D.Okla. 1983), was faced with an argument by the debtor-defendant that the costs of defense would result in high costs and "great prejudice" and should be the basis for denying relief from stay to bar the prosecution of a security case. The Hoffman court wrote,

> the automatic stay in no way fosters Code policy. … *Allowing the civil action to go forward did not jeopardize Holtkamp's bankrupt estate because his insurance company assumed full financial responsibility for defending that litigation.* On the other hand, the interest of judicial economy militated in favor of permitting the suit to go forward, for the trial date had been set and witnesses, including Littlefield who is a quadriplegic and several out of state witnesses, had been subpoenaed. Additionally, determination of the issues in the personal injury action did not require the expertise of the bankruptcy court. Under these circumstances, the lifting of the stay was proper. (emphasis supplied)

6

> …While Hoffman has alleged that lifting the stay will operate as great prejudice, he does no more; the burden of proof required under 11 U.S.C. § 362(g)(2) ahs not been adequately met. True, Hoffman has, no doubt quite accurately, indicated that the securities litigation will entail great expense in terms of time and money. However, the high cost of defending is not, by itself, "great prejudice" which would bar modification of the stay. See Matter of McGraw, 18 B.R. 140 (Bkrtcy. W.D.Wis. 1982). Owing to the presence of co-defendants, over whom this Court has no jurisdiction, we are of the opinion that causing the Plaintiffs to proceed once against Hoffman in a bankruptcy proceeding and then against Hoffman and the co-defendants in District Court would result in an even greater prejudice to the Plaintiff.

In one of the early cases interpreting § 362(a) of the Bankruptcy Code, the Court was met with a defense that dealt with the legal costs as a basis for denying relief from the automatic stay to allow the prep-petition litigation to continue. In In re Terry, 12 B.R. 578 at 582 (Bank.E.D.Wi. 1981), the court wrote,

> In argument, debtor's counsel dwelt almost exclusivity upon the costs which the debtor would sustain in defending against Johnson's claim, and inferentially, the adverse effect this would have on his ability to carry out the plan. Had the debtor carried malpractice insurance with the insurance company standing by to defend him, the stay would be vacated with little further discussion. 2 Collier on Bankruptcy (15th ed.) 362-51.

Since the Debtor admits that he has D&O coverage for the claims against him for breach of his fiduciary duties as a statutory trustee, there is no basis to keep the stay in place, since the insurance coverage will pay the costs of defense. Moreover, as the cases note, by itself, the lack of insurance coverage is not grounds

7

for denying relief from the automatic stay.[7]

## III.   THE STAY HAS TO BE MODIFIED TO LIQUIDATE THE MOVANTS' CLAIM

The Movants' claim has to be liquidated in a Chapter 13 plan to determine whether the plan is feasible and the recovery for the various claimants, the unsecured creditors is possible.  To determine the feasibility of the Debtor's Plan. Nonetheless, the Movants' claim must be liquidated in some forum.  The Bankruptcy Court is not the forum to liquidate the Movants' claims, since all of the Movants' claims are related to state law and the Bankruptcy Court does not have any special expertise in adjudicating the Movants' state law claims and allegations of breach of fiduciary duties.

## IV.   STATE LAW AND PROCEDURAL DEFENSE MUST BE RESOLVED IN THE STATE COURT.

The other issues referenced in the Debtor's Opposition such as the application of the statute of limitation on alleged new claims or the propriety of Comerica's intervention, are all issues to be decided by the state law and should be determined by the state court, which has the expertise to decide these state law

---

[7] Debtor's liability as a former statutory trustee will become the subject of a non-dischargeability proceeding in this bankruptcy case.  See 11 U.S.C. §§ 1328(a)(2); 523(a)(4).  There is no dispute Debtor was a "technical" trustee.  See Otto v. Niles (In re Niles), 106 F.3d 1456, 1461-62 (9th Cir. 1997) (once creditor establishes fiduciary relationship exists, Code incorporates common law principal that shifts burden to debtor to account for property entrusted to debtor).

8

procedural laws.

## V. CONCLUSION

The Movants, based on the above, submit that this Court should modify the automatic stay to allow the State and Preneed Trustee to continue with <u>Bennett v. Hawaii Cemetery and Funeral Trusts, et al.</u>, Civil No. 04-1-2112-11; <u>Vestin Mortgage, Inc. v. State of Hawaii, et al.</u>, Civil No. 06-1-0679-04; <u>Vestin Mortgage, Inc., et al, v. RightStar AMG, LLC, et al.</u>, Civil No. 04-1-2126, and <u>Vestin Mortgage, Inc. v. Investors Funding Corporation, et al.</u>, Civil No. 06-1-0392, consolidated in the litigation entitled, <u>In re RightStar Related Cases</u>, Civil No. 06-1-RIGHTSTAR (SSM), in order to liquidate the claims against the Debtor.

DATED: Honolulu, Hawaii, November 24, 2010.

<u>/s/ Christian B. Fitzgerald</u>
MARK J. BENNETT
Attorney General, State of Hawaii
RANDOLPH R. SLATON
CHRISTIAN B. FITZGERALD
Deputy Attorneys General for
STATE OF HAWAI'I

<u>/s/ Michael A. Lilly</u>
MICHAEL A. LILLY
STEPHEN A. JONES
Attorneys for Comerica Bank & Trust, N.A., as Successor Trustee for the Perpetual Care and Pre-Need Trusts Pursuant to the Amended RightStar Resolution Agreement